UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. CLAIRE R. KELLY, JUDGE
_____
:
MAXEON AMERICAS, INC.                    :
                                         :
                    Plaintiff,           :     Court Nos. 25-00074
                                         :
            v.                           :
                                         :
UNITED STATES,                           :
                                         :
                    Defendant.           :
_____   :

# ANSWER

Pursuant to Rule 7(a) of the Rules of the United States Court of International Trade, the United States, defendant, responds to the allegations of plaintiff's, Maxeon Americas, Inc. (Maxeon), Complaint as follows:

1. The portions of this paragraph referencing the Uyghur Forced Labor Prevention Act, Pub. L. No. 117-78, 135 Stat. 1525 (2021) ("UFLPA") and 19 U.S.C. § 1307 consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, admits to the extent supported by these statutory provisions, which are the best evidence of their contents; otherwise denies. As to the remaining allegations in this paragraph, admits that they set forth Plaintiff's claim in this action but denies their validity.

2. As to the first sentence in this paragraph, admits that U.S. Customs and Border Protection ("CBP") detained and excluded the subject merchandise pursuant to the UFLPA, but denies that CBP relied on the UFLPA presumption. Denies the portion of this sentence alleging that "the goods have no connection to Xinjiang or to a company on the UFLPA Entity List in the first place" for lack of information or knowledge sufficient to form a belief as to its truthfulness. As to the second sentence in this paragraph, admits that Plaintiff submitted documents and made presentations to CBP, but denies the characterization of such submissions and presentations and

1

otherwise denies. Admits that CBP denied the protest that forms the basis of this action. Denies the remaining allegations in this paragraph.

3. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, admits the portion of the first sentence referencing the UFLPA's evidentiary standard to the extent supported by § 3 of the UFLPA. Denies the portion of this paragraph referencing "published guidance" for lack of information or knowledge sufficient to form a belief as to its truthfulness because plaintiff has not identified, with specificity, which "guidance" it references. Otherwise, denies the remaining allegations in this paragraph.

4. Denies the portion of this paragraph alleging that "the Solar Modules were not made in Xinjiang or by a company on the UFLPA Entity List or with forced labor" for lack of information or knowledge sufficient to form a belief as to its truthfulness, and denies the remainder of this paragraph.

5. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required.

6. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.

7. As to the first sentence in this paragraph, admits that Plaintiff is Maxeon Americas, Inc., but otherwise denies the remaining allegations in this sentence for lack of information or knowledge sufficient to form a belief as to their truthfulness. Admits the remaining allegations in this paragraph.

8. Admits the first sentence in this paragraph. The second sentence in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

9. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, admits to the extent supported by the cited statutory provision, which is the best evidence of its contents, but otherwise denies.

10. The portion of this paragraph alleging that the protest in this action (the "Protest") was timely filed consists of legal argument and/or conclusions of law to which no response is required. Admits the remainder of this paragraph.

11. Admits.

12. Admits.

13. Admits.

14. Admits.

15. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required.

16. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, admits to the extent supported by the cited statutory provision, which is the best evidence of its contents, but otherwise denies.

17. The allegations in this paragraph and in the first sentence in footnote one consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, admits to the extent supported by the cited statutory provisions, which are the best evidence of their contents, but otherwise denies. Admits the second sentence in footnote one.

18. The allegations in the first two sentences in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, admits to the extent supported by the cited statutory provisions, which are the best evidence of their contents, but otherwise denies. As to the third sentence in this paragraph, including footnote two, denies that the cited website source is "CBP's … guidance," but otherwise admits.

19. Denies that the merchandise was "imported." Admits that Maxeon entered the merchandise at the Port of Otay Mesa, California, under Entry Number 218-5008868-9, on or around July 9, 2024, but denies any inference that the Solar Modules were released or entitled to release.

20. Admits.

21. Admits.

22. Admits.

23. Admits.

24. Admits that Plaintiff identified a module with Serial Number U27M30161365 as included in the subject entry. Denies the remaining allegations in this paragraph.

25. Admits that Plaintiff began to provide documents to the Center within 30 days of the Notice of Detention as part of the applicability review petition. Denies the remaining allegations in this paragraph.

26. As to the first sentence in this paragraph, admits that Plaintiff submitted additional documentation related to the supply chain of the subject merchandise; otherwise, denies. Admits the second sentence in this paragraph.

27. Admits that Plaintiff submitted employment records for a supplier in Taiwan. Denies the remaining allegations in this paragraph. As to footnote three, admits that employment records can be relevant in the context of the UFLPA's rebuttable presumption, and further admits that CBP has not applied the rebuttable presumption to the subject merchandise, but otherwise denies.

28. As to the first sentence in this paragraph, admits that CBP excluded the subject merchandise on or about September 9, 2024; otherwise, denies. Admits that Exhibit B includes the Exclusion Letter issued by the Port of Otay Mesa. Admits the second sentence in this paragraph.

29. Denies that the Center's documentation expectations were "unreasonable." Otherwise, admits.

30. Admits the first sentence in this paragraph.  As to the second sentence in this paragraph, admits that the Center requested a full trace of the supply chain for all 750 units covered by the subject entry, and communicated this request on or about September 23, 2024, but denies any implication that this was a one-time or first-time request.  As to the third sentence in this paragraph, admits that Maxeon submitted additional records in connection with the Protest; otherwise, denies.

31. The statutory and regulatory requirements for protest filing and further review identified in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, admits to the extent supported by the cited statutory and regulatory provisions, which are the best evidence of their contents, but otherwise denies.  Admits the remaining allegations in the first and second sentences in this paragraph.  As to the third sentence in this paragraph, admits that it sets forth the claims in plaintiff's Protest, but denies its validity.

32. As to the first sentence in this paragraph, admits it describes the narrative submitted along with the Protest documentation, but denies the validity of the contents of that narrative.  As to the second sentence in this paragraph, admits that Plaintiff submitted supply chain records associated with the subject merchandise, but denies any implication that such records were complete or sufficient to substantiate Plaintiff's claim.  Denies the third sentence in this paragraph.  Admits the fourth sentence in this paragraph.

33. Admits.

34. As to the first and second sentences in this paragraph, admits that the focus of CBP's communications and the documentation requested from and provided by Plaintiff in support of its Protest related to the polysilicon supply chain, and not the non-polysilicon components of the subject merchandise; otherwise, denies.  Denies the third sentence in this paragraph for lack of information or knowledge sufficient to form a belief as to its truthfulness.  As to the first sentence

of footnote four, admits that CBP has published the guidance, CBP Pub. No. 3082-0223, but otherwise denies. Admits the second and third sentences of footnote four to the extent supported by the cited guidance document, which is the best evidence of its contents, but otherwise denies. Admits the fourth sentence of footnote four.

35. Denies.

36. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

37. Denies the first sentence in this paragraph and the appended summary table for lack of information or knowledge sufficient to form a belief as to their truthfulness.

    a. Denies the allegations in this subparagraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

        i. The first sentence in this subparagraph consists of legal argument and/or conclusions of law to which no response is required, but to the extent that a response is required, denies for lack of information or knowledge sufficient to form a belief as to its truthfulness. Denies the second sentence in this subparagraph for lack of information or knowledge sufficient to form a belief as to its truthfulness.

    b. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

        i. Denies the allegations in this subparagraph for lack of information or knowledge sufficient to form a belief as to their truthfulness

        ii. The first sentence in this subparagraph consists of legal argument and/or conclusions of law to which no response is required, but to the extent that a response is required, denies for lack of information or knowledge

        sufficient to form a belief as to its truthfulness. Denies the second sentence in this subparagraph for lack of information or knowledge sufficient to form a belief as to its truthfulness.

   c. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

   d. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

   e. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

       i. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

   f. Admits the first and second sentence in this subparagraph. Denies the portion of the third sentence in this paragraph alleging that "the MGS, trichlorosilane ... and quartz" referenced therein "were used to produce the polysilicon in the subject "Solar Modules" for lack of information or knowledge sufficient to form a belief as to its truthfulness, but otherwise admits. Denies the fourth and fifth sentences in this subparagraph for lack of information or knowledge sufficient to form a belief as to their truthfulness. Admits that supply chain records related to the procurement and mining of quartz were supplied by Dow directly to CBP, but denies the remainder of the allegations in the sixth sentence of this paragraph for lack of information or knowledge sufficient to form a belief as to its truthfulness. As to the first sentence of footnote five to this subparagraph, admits that CBP has not taken the position that the quartz used in the Solar Modules was procured from an entity located in Xinjiang or included on the UFLPA Entity List, and

otherwise denies for lack of information or knowledge sufficient to form a belief as to its truthfulness. Admits the remainder of footnote five to the extent it is supported by the cited webpage, which is the best evidence of its contents, but otherwise denies.

38. As to the first sentence in this paragraph, admits that Plaintiff submitted the types of records identified in the table appended to this paragraph, but denies that such records were complete or sufficient to substantiate plaintiff's claims. Denies the second sentence in this paragraph.

39. Denies the first sentence in this paragraph. As to the second sentence in this paragraph, denies for lack of information or knowledge sufficient to form a belief as to its truthfulness.

40. Admits.

41. Admits the first sentence in this paragraph. Admits that the language from ACE (specifically, the ACE Protest Module) is accurately quoted in this paragraph. Denies the remaining allegations in this paragraph.

42. As to the first sentence, denies for lack of information or knowledge sufficient to form a belief as to its truthfulness. As to the second sentence, admits that CBP has not taken the position that the Solar Modules' supply chain includes an entity located in Xinjiang or included on the UFLPA Entity List; otherwise, denies.

43. Denies the first sentence in this paragraph.

    a. As to the first sentence in subparagraph (a), admits that the language from the ACE Protest Module is accurately quoted; otherwise, denies. Denies the remaining allegations in this subparagraph.

    b. As to the first sentence in subparagraph (b), admits that the language from the ACE Protest Module is accurately quoted; otherwise, denies. As to the second sentence in subparagraph (b), admits that Plaintiff's documentation includes

references to 2,888,000 wafers and 152,400 solar cells; otherwise, denies. Denies the first and third sentences of the footnote six in subparagraph (b). Denies the second sentence of footnote six for lack of information or knowledge sufficient to form a belief as to its truthfulness. Denies the third sentence in subparagraph (b), and footnote seven for lack of information or knowledge sufficient form a belief as to its truthfulness.

c. As to the first sentence in subparagraph (c), admits that the language from the ACE Protest Module is accurately quoted; otherwise, denies. Denies the second sentence in subparagraph (c). As to the third sentence, admits that additional records relating to the supply chain of the subject merchandise were submitted following Plaintiff's initial submissions; otherwise, denies. Denies the fourth and fifth sentences in this paragraph.

d. As to the first sentence in subparagraph (d), admits that the language from the ACE Protest Module is accurately quoted, but otherwise denies. Denies the second sentence in this subparagraph. Admits the portions of the third and fourth sentences in this subparagraph alleging that Maxeon submitted documents referencing the existence of SunPower Switzerland prior to the filing of its protest, and in support of its protest, but denies that the information sufficiently establishes the relationship amongst the identified entities. Admits the portion of the fifth sentence in this subparagraph alleging that the Center knew of the existence of the SunPower Switzerland Entity, but denies that the information sufficiently establishes the role of SunPower Switzerland. Denies the sixth sentence in this subparagraph for lack of information or knowledge sufficient to form a belief as to its truthfulness.

9

44. Denies the portion of this paragraph alleging that the November 1, 2024 presentation was "to respond to the concerns raised by the [Center] in the previous paragraph." Otherwise, admits.

45. Denies the portion of this paragraph alleging that the November 4, 2024 Protest supplement was transmitted to the Center. Otherwise, admits.

46. Admits the first sentence in this paragraph. As to the second sentence, denies that the meeting covered "Maxeon's alternative—also UFLPA-compliant—sources of solar wafers"; otherwise, admits that the alleged meeting is accurately described. Admits that footnote nine describes Maxeon's statements of fact in support of its position, but denies their validity for lack of information or knowledge sufficient to form a belief as to their truthfulness.

47. Denies the first sentence in this paragraph. As to the second sentence, admits that Maxeon initiated additional communications to R&R regarding the subject of the Protest, but denies any inference that these communications resulted in the provision of information that "facilitate[d]" R&R's review of the Protest.

48. As to the first sentence in this paragraph, admits that R&R sent the referenced email communication but denies the portion of this sentence alleging that Maxeon received the email on March 21, 2025 for lack of information or knowledge sufficient to form a belief as its truthfulness. As to the second sentence in this paragraph, admits that the Protest was returned for failure to meet the criteria for further review enunciated in 19 C.F.R. § 174.24, but denies the remainder of this sentence for lack of information or knowledge sufficient to form a belief as to its truthfulness.

49. The second sentence in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, admits the quoted language to the extent it is supported by the cited regulatory provision, which is the best evidence of its contents, but otherwise denies. Denies the remaining allegations in this paragraph.

50. Admits.

51. Admits that CBP has not taken the position that there is a connection between the Solar Modules and an entity located in Xinjiang or included on the UFLPA Entity List; otherwise, denies.

52. Admits.

53. Denies the first sentence in this paragraph for lack of information or knowledge sufficient to form a belief as to its truthfulness.  Denies the second sentence in this paragraph.

54. The reference in this paragraph to the rebuttable presumption under the UFLPA consists of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required, denies.

55. Denies the first sentence in this paragraph for lack of information or knowledge sufficient to form a belief as to its truthfulness.  The second sentence in this paragraph consists of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required, denies.

56. Denies.

## RELIEF

These paragraphs consists of plaintiff's request for relief to which no response is required. To the extent that a response is required, denies that plaintiff is entitled to the requested relief.

**WHEREFORE**, defendant respectfully requests that judgment be entered dismissing this action, sustaining the decision of the appropriate U.S. Customs and Border Protection officials, and granting defendant such other and further relief as may be just and appropriate.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

By:     /s/ Aimee Lee
AIMEE LEE
Assistant Director

/s/ Monica P. Triana
MONICA P. TRIANA
Senior Trial Counsel
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza – Room 346
New York, New York 10278
Tel. (212) 264-9240 or 9230

Date:  December 5, 2025     *Attorneys for Defendant*